UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LINDA LEPRETRE** | **CASE NO. 6:22-CV-00036** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **C V S 5282 LA L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 7). Defendant, Louisiana CVS Pharmacy, LLC ("CVS"), opposed the Motion (Rec. Doc. 10). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion to Remand be denied.

### Factual Background

Plaintiff filed this suit against CVS after she allegedly tripped on an empty pallet in its store. (Rec. Doc. 1-2). She named as defendants CVS[1] as having

---

[1] Defendant filed responsive pleadings as Louisiana CVS, LLC, improperly named as CVS 5282 LA, LLC d/b/a CVS Pharmacy and CVS EGL 1st Kaplan LA, Inc. See Rec. Doc. 1.

custody/control of the premises and "Jane Doe o/b/o Manager of CVS Pharmacy" as the manager on duty at the time of the accident. (Rec. Doc. 1-2 ¶1). Plaintiff did not allege any specific facts regarding the purported manager's liability. CVS removed the case to this Court on the grounds of diversity. (Rec. Doc. 1). Plaintiff filed the instant Motion to Remand on the grounds that the CVS manager to be identified and one named CVS entity, CVS EGL 1st Kaplan LA, Inc., are Louisiana defendants, such that diversity jurisdiction does not exist.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). The sole issue in this case is whether the defendants are diverse.

2

### I.     <u>Diversity of Purported Manager Jane Doe</u>

Plaintiff implies that the fictious manager, Jane Doe, will be a non-diverse defendant later identified. CVS contends a fictious defendant, such as Plaintiff's Jane Doe, cannot be considered for jurisdictional purposes. This contention is correct. 28 U.S.C. §1441(b)(1); *Weaver v. Metro. Life Ins. Co.,* 939 F.3d 618, 623 (5th Cir. 2019). Plaintiff argues that Jane Doe will eventually be identified; however, an anticipated identification of a fictitious defendant does not defeat removal in advance. See *Weaver*, *supra*.

Regardless of Jane Doe's fictional presence, CVS argues Plaintiff improperly joined the purported manager. "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006).

CVS does not contend actual fraud in the pleadings. Rather, CVS relies upon the second category of improper removals. As such, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. citing *Smallwood, supra.*

While the court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in determining whether joinder was improper, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee v. Kan. City S. Ry. Co*., 358 F.3d 329, 334 (5th Cir.2004) (citing *Travis,* 326 F.3d at 648-49.). Thus, "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. *Id*. Finally, the Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36; *see also Travis*, 326 F.3d at 650-51 (noting that when discovery was ongoing "simply pointing to the plaintiff's lack of evidence at stage of the case is insufficient" to establish improper joinder). At this stage of the litigation Plaintiff is not expected to produce evidence sufficient to survive a motion for summary judgment; he must only show a "reasonable basis for the [] court to

predict that the plaintiff might be able to recover." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir.2005) (explaining "[w]e do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so").

Plaintiff did not set forth any facts pertaining to the purported manager's alleged liability. Under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury. *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, La. R.S. 23:1032. In *Canter v. Koehring*, the Louisiana Supreme Court identified four criteria for determining whether an employee can be found liable to a third party:

> (1) The principal or employer owes a duty of care to the third person..., breach of which has caused the damage for which recovery is sought;
>
> (2) The duty is delegated by the principal or employer to the defendant;
>
> (3) The defendant...has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances...; and
>
> (4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative

>responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Id*. at 721.

Numerous district courts within the Fifth Circuit have applied the foregoing standard to find that the joinder of a non-diverse manager or employee does not defeat diversity jurisdiction absent facts indicating the manger or employee breached a personal duty to the plaintiff. See e.g. *Henry v. O'Charleys Inc.,* 861 F. Supp. 2d 767, 772 (W.D. La. 2012) (citing cases); *Robinson v. Wal-Mart Stores, Inc.,* No. CV 15-6871, 2016 WL 1572078, at *3 (E.D. La. Apr. 19, 2016) (citing cases). The same result occurs here, where Plaintiff's Petition lacks sufficient allegations against any manager, fictitious or otherwise.[2]

## II. <u>Diversity of CVS EGL 1st Kaplan La., Inc.</u>

Plaintiff next contends the named entity, CVS EGL 1st Kaplan La., Inc. is a non-diverse defendant based solely on its name. (Rec. Doc. 7-1, p. 8). CVS presented evidence that this entity is defunct, having merged with Louisiana CVS Pharmacy LLC. (Rec. Doc. 10-2). The court should not consider the diversity of defunct entities in the jurisdictional analysis, where the plaintiff has no reasonable

---

[2] This ruling does not preclude the possibility that discovery could reveal facts regarding a particular employee's breach of a personal duty owed to Plaintiff, in which case Plaintiff could move to amend the complaint and file another motion to remand.

probability of recovery against such an entity. See *Lowry v. Total Petrochemicals & Ref. USA, Inc.*, No. CV 18-0864, 2018 WL 5931146, at *7 (W.D. La. Oct. 26, 2018), *report and recommendation adopted,* No. CV 18-0864, 2018 WL 5931111 (W.D. La. Nov. 13, 2018) (Plaintiffs had no reasonable probability of recovery against defunct entities, and thus the court disregarded their presence for purposes of diversity jurisdiction.) Because Louisiana CVS Pharmacy, LLC is the proper entity and the members of that entity are not Louisiana citizens,[3] complete diversity exists.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[3] According to Defendant, the sole member of Louisiana CVS Pharmacy, LLC is CVS Pharmacy, Inc., which is a Rhode Island corporation with its principal place of business in Rhode Island. (Rec. Doc. 1 ¶7).

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of March, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE